# Exhibit A

1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    DAVID A. STEBBINS,                    Case No.  22-cv-00546-JSW

8                    Plaintiff,
                                           **ORDER DENYING MOTION FOR**
9            v.                            **ISSUANCE OF SUBPOENA DUCES**
                                           **TECUM**
10   ALPHABET INC., et al.,
                                           Re: Dkt. No. 89
11                  Defendants.

12

13          Now before the Court is Plaintiff David Stebbins' renewed motion for issuance of a

14   subpoena duces tecum to identify Defendant John Doe #4, d/b/a Bibi Faizi.  Stebbins moves

15   pursuant to 17 U.S.C. section 512(h).

16          On February 10, 2025, the Court denied Stebbins' initial motion for issuance of a subpoena

17   duces tecum.  (Dkt. No. 64.)  The Court explained that, to obtain early discovery, Stebbins must

18   first satisfy the factors set forth in *Columbia Insurance Company v. seescandy.com*, 185 F.R.D.

19   573 (N.D. Cal. 2009).  He must:

20          (1) establish jurisdictional facts, including that the defendant is a real person
            who could be sued in federal court; (2) demonstrate a good faith effort to
21          identify the defendant prior to seeking the subpoena; (3) establish that the
            complaint could withstand a motion to dismiss; and (4) provide sufficient facts
22          to the Court to show a "reasonable likelihood that the discovery process will
            lead to identifying information about defendant that would make service of
23          process possible."

24   (*Id.* at 3 (quoting *Columbia Ins. Co.*, 185 F.R.D. at 578-80).)

25          The Court found that Stebbins did not establish good cause for early discovery.  It held, (1)

26   "Plaintiff alleges no jurisdictional facts whatsoever regarding Bibi Faizi,"; and (2) "Plaintiff does

27   not claim to have made any effort at all to locate Bibi Faizi."  (*Id.* at 4, 6.)

28          Stebbins' renewed motion does not address those shortcomings.  Instead, Stebbins seeks a

United States District Court
Northern District of California

United States District Court
Northern District of California

1    subpoena under 17 U.S.C. section 512(h).  17 U.S.C. section 512(h) does not negate the

2    jurisdictional requirements for discovery.  *See Cordova v. 1 Doe*, No. 25-CV-05207-DMR, 2025

3    WL 2262999, at *2 (N.D. Cal. July 11, 2025) (finding that "regular jurisdictional requirements of

4    an application for early discovery" apply to copyright cases despite Section 512(h)).  As the

5    *Cordova* court explains, "[a] section 512(h) subpoena is 'its own civil case' where the sole issue is

6    whether the subpoena should be enforced or not."[1]  *Id.* (quoting *In re DMCA Subpoena to Reddit,*

7    *Inc.*, 441 F. Supp. 3d 875, 880 (N.D. Cal. 2020)); *see also In re Subpoena of Internet Subscribers*

8    *of Cox Commc'ns, LLC*, -- F.4th --, 2025 WL 2371947, at *1 (9th Cir. Aug. 15, 2025) (explaining

9    that outside of the DMCA expedited subpoena process, "a copyright holder seeking to learn the

10   identity of infringers sharing copyright-protected content on the Internet would have to file an

11   infringement action against individual users suspected of infringement, naming each as a John

12   Doe defendant, and move the court for leave to conduct early discovery.").

13       Accordingly, the Court DENIES the motion.  Stebbins may file a renewed motion for

14   issuance of a subpoena duces tecum which addresses the *Columbia* factors.  Alternatively,

15   Stebbins may move the Court for a stay pending resolution of a separate action under Section

16   512(h).

17       Failure to do so by **September 17, 2025** may result in an order to show cause why the case

18   should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

19       **IT IS SO ORDERED.**

20   Dated: September 3, 2025

21   _____

22   JEFFREY S. WHITE
     United States District Judge

23

24

25

26

27

28

---

[1] To the extent that the Court's ruling denying Stebbins' Section 512(h) motion in the related case, *Stebbins v. Doe et al.*, No. 25-cv-04499-JSW, Dkt. No. 17, implied that Section 512(h) is a proper tool for early discovery, that ruling was in error.

2