UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| DAVID STEBBINS, | ) | Case No. 25-6348 |
| Petitioner | ) | |
| | ) | |

**RESPONSE TO ORDER TO SHOW CAUSE WHY THE APPEAL IS NOT FRIVOLOUS**

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Response to the Court's Order to show cause why the appeal is not frivolous in the above-styled action.

### Case background and facts

1. I filed suit against an anonymous Internet user who goes by the alias "Bibi Faizi" because he issued ten knowingly fraudulent DMCA Takedowns against me on February 13, 2022 in an attempt to extrajudicially punish me for what he perceived as me committing DMCA fraud myself.

2. I filed a petition for subpoena in that case, seeking to compel YouTube LLC to reveal the person's real name and address so I can serve the defendant with process. District Judge Jeffrey White declined to issue the subpoena pursuant to 17 USC § 512(h) on the grounds that such a proceeding was meant to be a stand-alone proceeding. See **Exhibit A**.

3. I moved for and was granted a stay of proceedings in that case while I filed a separate petition for subpoena. See **Exhibit B** and **Exhibit C**.

4. However, only two days after the petition was filed, Judge Trina Thompson threw the case out, basing her decision on two grounds: First, I was attempting to sidestep Judge White's order (when that is literally the exact opposite of what I was doing) and I failed to prove that I was acting in good faith.

5. This appeal ensued.

### Standard for frivolousness

6. Calling an appeal or case "frivolous" is an extremely high bar to clear. It is important to note that a case is not frivolous just because it ultimately fails; see Neitzke v. Williams, 490 US 319 (1989). A case "is frivolous where it lacks an arguable basis either in law or in fact." See id

-1-

at 325. Being frivolous requires that an appellant's arguments go beyond merely being without merit, but instead must be downright delusional. As legal scholar Daniel B. Evans writes in his legal article "The Tax Protester FAQ" ...

> "Imagine a group of professional scientists who have met to discuss important issues of physics and chemistry, and then someone comes into their meeting and challenges them to prove that the earth revolves around the sun. At first, they might be unable to believe that the challenger is serious. Eventually, they might be polite enough to explain the observations and calculations which lead inevitably to the conclusion that the earth does indeed revolve around the sun. Suppose the challenger is not convinced, but insists that there is actually no evidence that the earth revolves around the sun, and that all of the calculations of the scientists are deliberately misleading. At that point, they will be jaw-droppingly astounded, and will no longer be polite, but will evict the challenger/lunatic from their meeting because he is wasting their time.
>
> That is the way judges view [frivolous litigation]. At first, [judges] try to be civil and treat the claims as seriously as they can. However, after dismissing case after case with the same insane claims, sometimes by the same litigant, judges start pulling out the dictionary to see how many synonyms they can find for 'absurd.'
>
> ...
>
> [W]hen a judge calls an argument 'ridiculous' or 'frivolous,' it is absolutely the worst thing the judge could say. It means that the person arguing the case has absolutely no idea of what he is doing, and has completely wasted everyone's time. It doesn't mean that the case wasn't well argued, or that judge simply decided for the other side, it means that there *was no other side*. The argument was ***absolutely, positively, incompetent***. The judge is not telling you that you that you were 'wrong.' The judge is telling you that you are out of your mind."
>
> See https://evans-legal.com/dan/tpfaq.html#purpose (emphasis in original)

7.　　Because "frivolous" is such a strong word to use to describe a case, it should be used sparingly. Qualifying as frivolous should be a high bar. It should be reserved only for a few and far between instances where there simply is no other way to describe it.

8.　　In addition, lest we forget that court access is a fundamental constitutional right. "The right of access to the courts is indeed but one aspect of the right of petition." See California Motor Transport Co. v. Trucking Unlimited, 404 US 508, 510 (1972). So when the Court is

contemplating labeling a case as frivolous, it should be mindful of the risk of overreach and inadvertently labeling a nonfrivolous case as frivolous simply because the judges personally don't like the legal theory being advanced, otherwise it risks being unconstitutionally overbroad in violation of the precedent set forth in Thornhill v. Alabama, 310 U.S. 88 (1940) and Gooding v. Wilson, 405 U.S. 518 (1972).

### Why I have "an arguable basis"

9. The reason this appeal is not frivolous is the same reason why the district court's order is erroneous: Because I was not sidestepping Judge White's order. That is a bald-faced lie. Even a cursory review of the related case clearly shows that I was, in fact, *complying* with Judge White's order, which is literally the complete opposite of sidestepping it. He even suggested that I move for a stay of proceedings while I bring a petition for subpoean in a stand alone action, a suggestion I promptly took him up on.

10. If my petition in the district court, as well as this appeal, are both frivolous, does that mean that Judge White was also frivolous in his determination that I needed to file a separate action?

11. Even if this Court determines that Judge White was in fact frivolous when he made that determination (which this Court is not going to do), the fact that I was complying in good faith with his order should still give me a defense to frivolousness on my end. It would basically be a stronger version of the defense that I was acting pursuant to legal advice provided by a licensed attorney. It is widely recognized that that is an absolute defense to accusations of frivolousness, and this case should be even stronger than that, since a judge's orders are legally binding on me, whereas legal advice is just that: Mere advice.

12. For all of these reasons and more, the Court should find that the appeal is not frivolous and dissolve its show cause order.

### Conclusion

13. Wherefore, premises considered, I respectfully pray that the Court acknowledge that the appeal is not frivolous and dissolve its show-cause order, and for any other relief to which I may be entitled.

So requested on this, the 15th day of November, 2025.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave.,
Apt D
Harrison, AR 72601
870-204-6516
acerthorn@yahoo.com
